ANNA M. SULLIVAN, Respondent, *v.* NATIONAL CASUALTY COMPANY, Appellant. (Action No. 1.)

ANNA M. SULLIVAN, Respondent, *v.* NATIONAL CASUALTY COMPANY, Appellant. (Action No. 2.)

Third Department, March 24, 1954.

*Morris Gitlitz* for appellant.

*Maurice P. O'Brien, Jr.,* for respondent.

BERGAN, J. The defendant insurance company issued a professional disability policy to the plaintiff Anna Mae Sullivan, who is a practicing dentist. The policy provided indemnity for loss of time " caused by sickness " if the " sickness " wholly and continuously disabled the insured in the practice of her profession. The amount of indemnity stated was $400 a month.

The policy was issued on April 2, 1952, and about three months later plaintiff became pregnant. The complaint in the first action alleges that plaintiff " was taken ill and sick " on November 7, 1952, while practicing her profession; that she was suffering from " severe nausea and vomiting from an underlying

pregnant condition ''; that '' further complications set in '' all of which totally disabled plaintiff from practicing dentistry during the four-month period described in this complaint.

What was meant by the use of the word '' complications '' in the complaint is amplified in a bill of particulars as being '' nervousness and tension '' which was aggravated by the type of work required in her profession and which increased her nausea; and in December, 1952, by the development of hemorrhoids; and for a period of a week, of grippe; and that as a result of the nausea she was medically advised to take a drug which '' further prevented her from working ''. There is some other and more detailed description of these complications and their effect on plaintiff and on her ability to practice dentistry.

Defendant moved at Special Term to dismiss the complaint for legal insufficiency on its face. The motion was denied. The defendant's theory of legal insufficiency may be stated in simple terms to be that pregnancy is not a '' sickness '', and since pregnancy is an occurrence within the choice of the assured it could neither have been intended to have been regarded as a '' sickness '' nor covered in any event, because an insurance contract, to come within the public policy of New York, must depend upon the '' happening of a fortuitous event '' (Insurance Law, § 41). The policy here does not expressly exclude pregnancy or the effects of pregnancy from coverage.

But the complaint which we are required by a long familiar practice to read favorably to the pleader in its factual allegations and in the inferences taken from them, does not plead the pregnancy itself as being '' sickness ''; but rather pleads that the described sickness came '' from an underlying '' pregnancy, which we think to be quite a different thing; and which averts the force of defendant's well-documented argument that pregnancy is not sickness.

Pregnancy is, of course, a normal biological function and it is not an illness; and while even normally it can be disabling for a greater or longer period in the sense it causes some disruption of other physical or mental activity, neither the interference nor the disruption would ordinarily be regarded as arising from disease or illness. Other normal biological functions, notably sleeping, regularly interfere with activity.

But in common with many normal biological functions, fortuitous deviations occur in the pregnancy function and in the normal processes which accompany the function. While an uneventful pregnancy would not be regarded by the court as

a " sickness ", a complicated pregnancy, carrying unusual and disabling consequences, or accompanied by variations from normal limits as such limits might be viewed in a well-advised medical opinion, could be treated factually by a jury as sickness.

Eating is a voluntary normal biological function, but if one becomes ill in the course of eating it would make a hard case to say that because the underlying biological function is normal and illness would not usually be expected to follow, the person was not sick. Most illnesses are due to deviations in biological functions which under normal conditions work smoothly enough and we become conscious of them when they are in disorder.

All we are required to say on the face of this complaint is whether it pleads facts from which a jury might hold that plaintiff suffered a disabling sickness beyond the area of normal pregnancy. We think it is sufficient for this purpose.

The question on the trial will be the extent to which the disability is shown by plaintiff to have extended beyond the range of normal pregnancy; and to that extent the jury would be free to regard the disability as having been caused by " sickness " within the policy. The complaint in the second action is governed by the same principle.

The orders should be affirmed, with $10 costs to respondent.

FOSTER, P. J., COON, HALPERN and IMRIE, JJ., concur.

Orders affirmed, with $10 costs to respondent.